E-FILED
Tuesday, 05 May, 2020 02:46:23 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| EDWARD A. JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| v. | )   No.: 19-cv-4148-JBM |
| | ) |
| CHRISTINE BRANNON, et al., | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW -AMENDED COMPLAINT

Plaintiff, proceeding *pro se* files an amended complaint under 42 U.S.C. § 1983 alleging a violation of the First Amendment at the East Moline Correctional Center ("EMCC"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.,* 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

In his initial complaint, Plaintiff asserted that Defendants Brannon, Genesio and Hutton had delayed his transfer to another prison where he was to undergo a drug treatment program. He also alleges that Defendant Flores had been deliberately indifferent to his serious mental health needs. The Court reviewed the prison transfer claim under the Due Process clause of the Fourteenth Amendment rather than the Eighth Amendment as the mere failure to transfer a prisoner for drug treatment does not plead a deprivation of "the minimal civilized measures of

1

life's necessities" so as to state an Eighth Amendment claim. *Walker v. Gardner*, No. 16-297-, 2016 WL 6581870, at *1 (W.D. Wis. Nov. 4, 2016). Even under the Fourteenth Amendment, however, inmates generally do not have a due process interest as to prison transfers. *Meachum v. Fano*, 427 U.S. 215, 225 (1976) ("[t]hat life in one prison is much more disagreeable than in another does not in itself signify that a Fourteenth Amendment liberty interest is implicated"). A constitutionally protected liberty interest may be at issue, however, if Plaintiff is subjected to conditions at one prison, which represent an atypical and significant hardship. *Sandin v. Conner*, 515 U.S. 472, 487 (1995).

As the Court previously noted, Plaintiff had not complained of atypical conditions at EMCC, only that he was not transferred elsewhere for a treatment program. The Court dismissed the due process claim as prisoners do not have a "liberty interest in rehabilitative or educational programs offered while in prison." *Walker*, 2016 WL 6581870, at *2 citing *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000). *See also, Long v. Wondra*, No. 12-647, 2013 WL 12098999, at *5 (W.D. Wis. Sept. 16, 2013), *aff'd,* 553 Fed. Appx. 637 (7th Cir. 2014) (plaintiff's request for transfer to particular prison to receive treatment denied as not implicating a liberty interest). The complaint was allowed to proceed as to the deliberate indifference claim against Defendant Flores.

Plaintiff has filed an amended complaint in which he does not assert any claim against Defendant Flores. He reasserts his claims against Defendants Brannon, Genesio and Hutton, largely alleging the same facts as those initially pled. Plaintiff now identifies a new theory of recovery, that Defendants violated his First Amendment right to free speech. Plaintiff asserts that his request for treatment was a free speech exercise wrongfully denied by Defendants. Plaintiff offers nothing to support, however, that his request for a drug treatment program

amounted to free speech.  *See Wilson v. Greetan*, 571 F. Supp. 2d 948, 957 (W.D. Wis. 2007) (protected speech is that which involves issues of "'public concern' rather than a 'personal grievance' of the speaker.")  *See also*, *Brookins v. Kolb,* 990 F.2d 308, 313 (7th Cir.1993) (letter written by inmate was not protected speech because it related to personal matter, not public concern).  Even if it were otherwise, Plaintiff's First Amendment claim fails as he does not allege that he was penalized for the allegedly protected speech.  *Caffey v. Maue*, 679 Fed. Appx. 487, 490 (7th Cir. 2017).  Plaintiff claims only that his transfer request was not granted, not that he was penalized for requesting it.

**IT IS THEREFORE ORDERED:**

Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A.  Plaintiff will have a final opportunity, within 30 days, in which to replead, should he wish.  The pleading is to be captioned Second Amended Complaint and is to include all of Plaintiff's claims without reference to a prior pleading.  Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.  Defendant Flores is DISMISSED for Plaintiff's failure to plead against her.  *See Collins v. Kibort,* 143 F.3d 331, 334 (7th Cir.1998) (merely naming a defendant in the caption is insufficient to state a claim).

ENTERED: __5/5/2020_____

                                                                                 _____s/Joe Billy McDade_____
                                                                                  JOE BILLY McDADE
                                                            UNITED STATES DISTRICT JUDGE